UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN DAVID ENTO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SCHOOL DISTRICT OF IVER, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-01292-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. 3) |

　　　　Plaintiff Christian David Ento ("Plaintiff"), a county jail inmate proceeding pro se, initiated this civil action on September 16, 2019. (Doc. 1.) Plaintiff also filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 2.) However, Plaintiff's application was incomplete. Although Plaintiff filed the requisite affidavit to proceed in forma pauperis, he failed to submit a certified copy of his trust account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate correctional official. 28 U.S.C. § 1915(a)(2).

　　　　On October 4, 2019, the Court directed Plaintiff to submit a certified copy of his prison trust account statement that covers the 6-month period immediately preceding the filing of this action within forty-five days. (Doc. 3.) More than forty-five days have passed, and Plaintiff has

1

not yet submitted a copy of his certified trust account statement or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988); *see also In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (standards governing dismissal for failure to comply with court orders). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *Id.* (citation omitted).

A civil action may not proceed absent the submission of either the filing fee or an application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. As Plaintiff's applications to proceed in forma pauperis is not complete and he has not otherwise responded to the Court's order, the Court is left with no alternative but to dismiss this action. This action has been pending since September 16, 2019, and the matter can proceed no further without Plaintiff's cooperation and compliance with the Court's order. Moreover, this case cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's compliance.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED,

without prejudice, for Plaintiff's failure to comply with the Court's order, failure to submit a copy of his certified trust account statement and failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**December 2, 2019**__   /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE